UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EW POLYMER GROUP, LLC**                                          **CIVIL ACTION NO.**

**VERSUS**                                                                       **21-285-BAJ-EWD**

**GSX INTERNATIONAL
GROUP, INC.**

**NOTICE AND ORDER**

On May 17, 2021, EW Polymer Group, LLC ("Plaintiff") filed a civil action against GSX International Group, Inc. ("Defendant"), asserting, among other things, a suit on open account and/or breach of contract relating to Defendant's alleged failure to pay for "2,777,200 disposable 3 ply non-woven non-sterile respirator face masks" sold and shipped by Plaintiff to Defendant.[1] Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1332.[2] With respect to the amount in controversy, the Complaint specifically alleges that the amount in controversy "exceeds seventy-five thousand dollars, exclusive of interest and costs."[3] Therefore, the amount in controversy is met. While the citizenship of Defendant has been adequately alleged,[4] the citizenship allegations as to Plaintiff are deficient, as described below.

---

[1] R. Doc. 1, ¶¶ 6-40.
[2] *Id*. at ¶ 3 ("This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 the amount in controversy exceeds $75,000, excluding interest and costs, and the parties are diverse in citizenship as this is a dispute between citizens of different states.").
[3] *Id*. Plaintiff alleges that it has "sustained damages in an amount that is ongoing and yet to be fully determined, but at a minimum [Plaintiff] has sustained a loss of $277,200 due and owing under the Open Account and/or purchase and sale agreement with Defendant…in addition to shipping costs of $2,900, lost profit, and attorneys' fees, and continues to sustain additional damages…"). *Id*. at ¶ 39. *See also* ¶¶ 7-8 (describing a purchase order between Plaintiff and Defendant for the purchase of "2,777,200 masks at a cost of $0.10 per mask, for a total of $277,200…").
[4] Plaintiff alleges that Defendant is a "foreign corporation, organized under the laws of the State of Texas, which is both domiciled and has it principal place of business in Harris County, Houston, Texas." *Id*. at ¶ 2. Defendant's citizenship has been adequately alleged. *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). *See also* 28 U.S.C. § 1332(c)(1).

1

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[5] Here, Plaintiff alleges that it is a "limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Miami Beach, Florida."[6] However, for purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[7] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[8] The same requirement applies to any member of a limited liability company which is also a limited liability company.[9] The Complaint does not contain sufficient allegations regarding Plaintiff's citizenship because it does not identify Plaintiff's members or their respective citizenships as required by 28 U.S.C. § 1332(a) and (c).

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[10]

Accordingly,

**IT IS ORDERED** that **on or before May 28, 2021**, Plaintiff EW Polymer Group, LLC shall file a motion for leave to amend its Complaint[11] with a proposed pleading that is a

---

[5] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).
[6] R. Doc. 1, ¶ 1.
[7] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[8] *Id*.
[9] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[10] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[11] R. Doc. 1.

2

comprehensive amended Complaint (*i.e.*, includes all of Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties, including Plaintiff, and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 20, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**