UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EW POLYMER GROUP, LLC — CIVIL ACTION

VERSUS

GSX INTERNATIONAL GROUP, INC. — NO. 21-00285-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff EW Polymer Group, LLC's **Motion For Confirmation Of Default Judgment (Doc. 19)** against Defendant GSX International Group, Inc. The Motion is unopposed.

For the reasons stated herein, Plaintiff's Motion is **GRANTED**, and Plaintiff is awarded damages as set forth herein.

## I. RELEVANT BACKGROUND

### A. Alleged Facts

This suit arises out of Defendant's alleged failure to pay Plaintiff for the masks it purchased and received. (Doc. 6). Plaintiff alleges the following. In December 2020, Plaintiff sold and shipped 2,777,200 disposable 3 ply non-woven non-sterile respirator face masks ("masks") to Defendant at Defendant's request. (*Id.* at ¶ 6). Each mask cost $0.10, for a total of $277,200. (*Id.* at ¶ 7). The relevant Purchase Order is signed by F. Greg Stewart, executive officer for Defendant, and reflects a payment term of "[c]ash upon delivery" to Plaintiff. (*Id.* at ¶¶ 7, 14); Doc. 1-2).

After receiving Defendant's signed Purchase Order, Plaintiff issued Defendant an invoice in the amount of $277,200. (*Id.* at ¶ 8). The invoice required payment on

delivery via "electronic transfer ACH or wire per the instructions on the invoice." (*Id.*).

On December 28, 2020, carrier Reed and Son Trucking, LLC accepted delivery of 28 pallets containing approximately one-half of the 2,777,200 masks from Wilson Warehouse in Baton Rouge, Louisiana. (*Id.* at ¶ 9). Reed and Son delivered the masks to Defendant's designated consignee in Stockbridge, Georgia. (*Id.*). On December 29, 2020, Globaltranz, on behalf of motor carrier Reed and Son, issued Plaintiff with a freight invoice in the amount of $1,400 for carriage of the masks. (*Id.* at ¶ 10). Plaintiff paid the invoice in full. (*Id.*).

On December 28, 2020, carrier Alpha Express, LLC accepted delivery of 28 pallets containing approximately the remaining one-half of the 2,777,200 masks from Wilson Warehouse in Baton Rouge, Louisiana. (*Id.* at ¶ 11). Alpha Express then delivered the masks to Defendant's designated consignee in Stockbridge, Georgia. (*Id.*). On December 29, 2020, Globaltranz, on behalf of Alpha Express, LLC, issued Plaintiff with an invoice in the amount of $1,500 for carriage of the masks. (*Id.* at ¶ 12). Plaintiff paid the invoice in full. (*Id.*).

Defendant confirmed receipt of all 2,777,200 masks subject of the parties' sales agreement. (*Id.* at ¶ 13). To date, Defendant has failed and refused to pay the amount due and owing of $277,200. (*Id.*).

Plaintiff issued a formal demand for payment per the contract. (*Id.* at ¶ 14). To date, Defendant has not responded to the demand letter. (*Id.*). Accordingly, Plaintiff contends that as of January 1, 2021, Defendant owes Plaintiff $277,200. (*Id.* at ¶ 15).

Plaintiff retained counsel to assist in the collection of its debt. (*Id.* at ¶ 16). On March 4, 2021, Plaintiff's Counsel sent a second demand letter to Defense Counsel, Christopher F. Klink. (*Id.*). On March 8, 2021, Plaintiff, through its CEO, Greg Nelson, transmitted a second demand letter to Defendant, through Stewart. (*Id.* at ¶ 17). On March 22, 2021, Plaintiff's Counsel transmitted another copy of the demand letter to Defense Counsel. (*Id.* at ¶¶ 18–19).

Plaintiff alleges that it has satisfied all conditions for recovery under Louisiana's Open Account Statute, Louisiana Revised Statutes § 9:2781. (*Id.* at ¶ 20). Accordingly, Plaintiff contends that it is entitled to recover the entire balance owed and all costs of collection incurred by Plaintiff in prosecuting this suit, including expenses and reasonable attorneys' fees. (*Id.*).

**B. Procedural History**

Plaintiff filed suit on May 17, 2021. (Doc. 1). Thereafter, Plaintiff filed an Amended Complaint on June 1, 2021. (Doc. 6). Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at ¶ 3). Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Despite being personally served on August 10, 2021, Defendant has not appeared in this case. (Doc. 12). On October 8, 2021, Plaintiff filed a Request for Entry of Default. (Doc. 17). On October 12, 2021, the Clerk of Court entered a Clerk's Entry of Default. (Doc. 18). Plaintiff now moves for a Default Judgment against

Defendant. (Doc. 19).

## II. STANDARD OF REVIEW

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.* Default judgments are disfavored due to a strong policy in favor of decisions on the merits and against resolution of cases through default judgments. *Id.* Default judgments are "available only when the adversary process has

been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted).

Second, the Court must assess the merits of Plaintiff's claims and determine whether Plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

## III. ANALYSIS

### A. Whether Default Judgment Is Appropriate

The Court must determine whether default judgment is appropriate under the circumstances by considering the *Lindsey* factors. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Here, Defendant failed to file an Answer or Rule 12 Motion in response to Plaintiff's Complaint. (Doc. 1; Doc. 6). Consequently, there are no material issues of fact. *See id.*; *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The grounds for default have been clearly established in the record. (Doc. 6–Doc. 9); *See Lindsey*, 161 F.3d at 893. No evidence before the Court indicates either substantial prejudice or that Defendant's failure to respond or appear was the result of "good faith mistake or excusable neglect." *See id.* Further, Defendant's failure to file a responsive pleading or otherwise defend the instant lawsuit mitigates the harshness of a default judgment. *See id.*; *see also Taylor v. City of Baton Rouge,* 39 F. Supp. 3d 807, 814 (M.D. La. 2014). Finally, the

record contains no facts giving rise to good cause to set aside the default judgment if challenged by Defendant. *See Lindsey*, 161 F.3d at 893. The Court finds that the *Lindsey* factors weigh in favor of entry of default judgment in favor of Plaintiff.

**B. Whether Plaintiff's Complaint Establishes a Viable Claim for Relief**

The Court must also assess the merits of Plaintiff's claims to determine whether Plaintiff's Complaint establishes a viable claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

Plaintiff contends that it is entitled to collect the total agreed upon price of $277,200 for the sale and delivery of the masks to Defendant, plus damages in the form of interest, attorneys' fees, and other allowable costs. (Doc. 19-1, p. 5). Plaintiff contends that it has satisfied all conditions for recovery under Louisiana's Open Account Statute. (*Id.* at p. 6). Alternatively, Plaintiff asserts a breach of contract claim.

**i. Open Account**

Under Louisiana law, actions on an open account are controlled by Louisiana Revised Statutes § 9:2781, which allows a claimant to recover reasonable attorney fees for the prosecution and collection of an open account claim. *Factor King, LLC v. Block Builders, LLC*, 193 F. Supp. 3d 651, 658 (M.D. La. 2016). An open account is defined as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of

contracting the parties expected future transactions." *Id.* (citing La. Rev. Stat. § 9:2781(D)).

In determining whether a contract falls under the open account statute, courts in Louisiana consider whether the "total cost or price [is] . . . left open or undetermined." *Id.* (citing *Tri–Par. Elec. Supply, Inc. v. Cypress Bend Investments, LLC*, 2012–787 (La. App. 3d Cir. 12/12/12), 105 So.3d 1036, 1039 (citation and internal quotation marks omitted); *Ormet Primary Aluminum Corp. v. Ballast Techs., Inc.*, 436 Fed. App'x. 297, 301 (5th Cir. 2011) (concluding that an open account existed because there was an undetermined total)). Courts also consider "(1) whether other business transactions between the parties existed; (2) whether one party extended a line of credit to another; (3) whether there are running or current dealings; and (4) whether there are expectations of future dealings." *Id.* at 659 (citing *Tech. Eng'g Consultants, LLC v. Beall*, No. 11–1579, 2012 WL 4141425, at *3 (E.D. La. Sept. 14, 2012) (citing *Paz v. BG Real Estate Services, Inc.*, 921 So. 2d 186, 188 (La. 2005)). However, the open account statute does not require multiple transactions or for parties to anticipate future transactions. *Id.* (citing *Frey Plumbing Co., Inc. v. Foster*, 2007–1091 (La. 2/26/08), 996 So. 2d 969, 972).

In *Factor King, LLC v. Block Builders, LLC*, the Court found that an open account did not exist between the parties for the following reasons: (1) the parties entered into a fixed price contract; (2) the parties did not engage in other business transactions; (3) the contract at issue did not include a line of credit, a fluctuating price, or a running account; and (4) the parties did not engage in running or current

dealings or have an expectation of future dealings. *Id.* at 659. The Court finds the instant case similar. Plaintiff's Complaint indicates that the parties entered into a fixed price contract. The record contains no evidence that the parties engaged in other business transactions or that the parties engaged in running dealings or had an expectation of future dealings. The record contains no evidence that the contract at issue contained a line of credit, fluctuating price, or running account. Accordingly, based on the record before the Court, the Court finds recovery under Louisiana's Open Account Statute inappropriate.

**ii. Breach of Contract**

Alternatively, Plaintiff contends that it is entitled to recover for breach of contract. (Doc. 19-1, p. 6). "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 973 (M.D. La. 2020) (citing La. Civ. Code art. 1906). "The central elements of a breach of contract action are the existence of a contract, a party's breach thereof, and damages." *JMF Med., LLC*, 490 F. Supp. 3d at 973 (citing *Favrot v. Favrot*, 2010-0986 (La. App. 4th Cir. 2/9/11), 68 So. 3d 1099, 1108-09 (quoting *Hercules Machinery Corp. v. McElwee Bros., Inc.*, 2002 WL 31015598, at *9 (E.D. La. Sept. 2, 2002)). Stated differently, the elements of a cause of action for breach of contract are: "(1) the obligor's undertaking of an obligation to perform (the contract), (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."

*JMF Med., LLC*, 490 F. Supp. 3d at 973 (citing *Denham Homes, L.L.C. v. Teche Federal Bank*, 14-1576 (La. App. 1st Cir. 9/18/15), 182 So. 3d 108,118.

Here, the Purchase Order indicates that Plaintiff sold 2,777,20 masks to Defendant for $277,200. (Doc. 6-2). The Purchase Order is signed by Greg Stewart, executive officer for Defendant. (*Id.*; Doc. 6, ¶¶ 7, 14). Defendant was to pay "cash upon delivery." (Doc. 6-2). To date, Defendant has failed to pay. (Doc. 6, ¶ 13). Accordingly, and in the absence of any indication to the contrary from Defendant, the Court finds that Plaintiff has satisfied the elements of its breach of contract claim. There is a contract between the parties whereby Plaintiff agreed to provide masks and Defendant agreed to pay for the masks. (Doc. 6-2). Defendant breached the contract because it failed to pay the agreed upon price. (Doc. 6, ¶ 13). Plaintiff has incurred damages as a result. Judgment is warranted in Plaintiffs favor.

**C. Damages**

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13–CV–0889–B,

2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Here, Plaintiff justifies the damages sought with the following: (1) Declaration of Gregory N. Nelson, a member of Plaintiff; (2) Declaration of Gabriel G. Silva, Plaintiff's Counsel; (3) Purchase Order; (4) Invoice; (5) Globaltranz-issued Bills of Lading; (6) freight invoice; (7) payment receipt for freight payments made to Globaltranz; (8) first and second demand letters sent from Plaintiff to Defendant through its executive officer, Greg Stewart; (9) first and second demand letters sent from Plaintiff to Defendant through Defense Counsel, Christopher F. Klink; and (10) FedEx delivery confirmation. (Doc. 6-2–Doc. 6-14; Doc. 19-2; Doc. 19-3).

A review of the record reflects that the elements of damages are mathematically calculable based on the supporting documentation and affidavits submitted; thus, a hearing is not necessary. Plaintiff sold and delivered to Defendant 2,777,20 masks for the agreed-upon price of $277,200. (Doc. 6-2). Additionally, Plaintiff paid shipping costs in the amount of $2,900 to deliver the masks to Defendant. (Doc. 6, ¶¶ 10, 12; Doc. 6-4–Doc. 6-8). Accordingly, judgment is warranted in Plaintiff's favor and against Defendant in the amount of $280,100.

**D. Attorney's Fees and Costs**

Plaintiff contends that it is entitled to attorney's fees and costs in this matter pursuant to Louisiana's Open Account Statute. (Doc. 19-1, p. 6). Specifically, Plaintiff seeks the following: (1) $36,705.50 in attorney's fees; (2) $402 in filing fees; (3) $255 in

service of process costs; (4) $131.10 in other costs associated with the prosecution of this action. (Doc. 19-1, p. 6–7).

Because Plaintiff's only theory for recovery of attorney's fees arises out of Louisiana's Open Account Statute; however, the Court found that recovery under this Statute was inappropriate, the Court will deny Plaintiff's request for attorney's fees. Plaintiff does not point to a provision in the relevant contract that would provide for attorney's fees.

Plaintiff may seek costs in a separate motion pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Entry of Default Judgment (Doc. 19)** is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that final judgment is hereby entered in favor of Plaintiff EW Polymer Group, LLC and against Defendant GSX International Group, Inc. in the amount of $280,100, which includes the contractual agreed upon price of $277,200 and shipping costs in the amount of $2,900.

**IT IS FURTHER ORDERED** that that post-judgment interest is to be awarded as provided in 28 U.S.C. § 1961 and are to be taxed against Defendant GSX International Group, Inc.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Entry of Default Judgment (Doc. 19)** is **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff may seek costs in a separate motion pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.

Baton Rouge, Louisiana, this 17th day of August, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**